UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61347-CIV-SMITH/HUNT

FRANCIS DEFAY, JR.,

                Plaintiff,

v.

INTERNATIONAL MOST PRESTIGE
LIMOUSINES & SEDAN VAN SERVICES INC.,
MARCKENZY JOSEPH,
and RONALDO JOSEPH,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Defendant's Motion for Summary Judgment ("Motion").  ECF No. 29.  The Honorable Rodney Smith referred this Motion to the undersigned for a report and recommendation.  ECF No. 38, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Having considered the Motion, the Response, and Reply, and being otherwise advised in the premises, the Court hereby recommends the Motion be DENIED for the reasons outlined below.

### I.      Background

This case arises from a wage and overtime dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA").  Plaintiff Francis Defay, Jr., a former shuttle driver, filed a one-count Complaint on July 2, 2025, against Defendants Internal Most Prestige Limousines & Sedan Van Services Inc., Marckenzy Joseph, and Ronaldo Joseph, alleging that Defendants failed to properly pay him.  ECF No. 1.  Defendants now move for summary judgment, arguing that Plaintiff cannot establish enterprise coverage under the FLSA and there are no genuine issues of material fact precluding summary judgment.

## II.      Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (stating that there is no "requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim").  If that burden has been met, the burden shifts to the nonmoving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark*, 929 F.2d at 608.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In determining whether there are any genuine issues of material fact, this Court may not weigh evidence or make any credibility determinations.  *See Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992).  Instead, this Court is required to resolve all reasonable doubts in favor of the non-moving party.  *See Tolan v. Cotton*, 572 U.S. 650, 660 (2014); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (citing *Williams v. City of Dothan*, 745 F.2d 1406 (11th Cir. 1984)).  Summary judgment is not appropriate where "a rational trier of fact could find a verdict for the nonmoving party under the substantive evidentiary standard."  *Tipton*, 965 F.2d at 999.

**III.     Discussion**

The FLSA states in relevant part that

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

As "a precondition to imposing liability against an employer, the plaintiff must establish individual coverage *or* enterprise coverage." *Ferrer v. Atlas Piles*, LLC, 586 F. Supp. 3d 1286, 1297 (S.D. Fla. 2022) (emphasis added).   And therein lies the rub. Defendant in its Motion for Summary Judgment argues that Plaintiff has failed to establish enterprise coverage, and therefore his claim fails.  Rather than rebut that contention, Plaintiff argues that lacking enterprise coverage is of no consequence because Plaintiff can establish individual coverage.   Defendant replies that Plaintiff has pleaded only an enterprise theory in his Complaint and cannot now change his claim to include individual coverage.

It has long been established that new claims may not be raised by a non-movant in response to a summary judgment motion.  *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).  Indeed, "[a] plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." *Regions Bank v. Old Republic Union Ins. Co.*, No. 2:14-CV-517-VEH, 2016 WL 11622129, at *9 (N.D. Ala. Jan. 20, 2016) (quoting *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

However, a cursory examination of the Complaint demonstrates that this is not, in

fact, what Plaintiff is attempting to do.  Plaintiff's Complaint clearly states that "[a]t all times material hereto, Defay directly participated in the interstate movement of people on a regular and recurring basis, including but not limited to shuttling travelers to and from hotels, airports, and cruise ports."  ECF No. 1 at 2.  Plaintiff then avers that he "engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA."  *Id.*

"For individual coverage to apply under the FLSA, Plaintiff must prove that he was '(1) engaged in commerce or (2) engaged in the production of goods for commerce.'"  *Perez v. New Auto Image Mktg., Inc.,* No. 15-21893-CIV-LENARD/GOODMAN, 2016 WL 7540272, at *5 (S.D. Fla. May 20, 2016) (citations omitted).

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006).

Plaintiff has plainly stated a claim for individual coverage under the FLSA. Defendants' Motion, which only challenges the establishment of enterprise coverage, must therefore be denied.

Defendants in reply argue that even if Plaintiff raised individual coverage, Plaintiff's claims cannot survive summary judgment.  However, it is "well-established that arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."  *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.,* 544 F. Supp. 3d 1334, 1349 (S.D. Fla. 2021) (cleaned up).  Defendants had ample opportunity to make that argument in their initial Motion but did not.  That argument has therefore been waived for summary judgment purposes.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS Defendants' Motion for Summary Judgment, ECF No. 29, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida on June 8th, 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Rodney Smith
All Counsel of Record